444 F.Supp. 84 (1977)
Geraldine SOBELMAN, Plaintiff,
v.
COMMERCE BANCSHARES, INC., Defendant.
No. 77-620C(1).
United States District Court, E. D. Missouri, E. D.
December 23, 1977.
Steven K. Brown, Goldstein, Tessler, Brown & Geigerman, St. Louis, Mo., for plaintiff.
Jerome M. Rubenstein, Dennis C. Donnelly, Hollye E. Stolz, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for defendant.

MEMORANDUM
MEREDITH, Chief Judge.
This matter is before the Court on defendant's motion for summary judgment and plaintiff's motion to add a party. For the following reasons, defendant's motion will be sustained and plaintiff's motion will be denied.
This is an age-discrimination case. Plaintiff alleges the following facts in her class action complaint, filed June 7, 1977. First, plaintiff, fifty-five years old, states she was employed by Commerce Bank of University City (hereinafter Commerce Bank) for approximately twenty years before being discharged in 1976, allegedly for excessive "overs and shorts" in balancing. She claims her discharge was, in fact, on the basis of her age. Plaintiff seeks equitable relief and damages.
In response to plaintiff's complaint, defendant has filed a motion for summary judgment on two grounds. First, defendant contends that it is merely a holding company for plaintiff's actual employer, Commerce Bank. Therefore, it is not an "employer" within the meaning of the Age *85 Discrimination and Employment Act. Second, defendant asserts that plaintiff never gave notice to the Secretary of Labor of her intent to file suit against defendant, as required by 29 U.S.C. § 626(d).
Plaintiff subsequently filed a motion for an order, pursuant to Rule 19, F.R.C.P., to add the subsidiary, Commerce Bank, on the grounds that it is likely to be held a joint employer.
The Court will grant defendant's motion on the grounds that it was not plaintiff's employer within the meaning of the Act. 29 U.S.C. § 623. Defendant is a wholly separate and legally recognizable corporation. To hold it responsible as an employer, plaintiff must show that the nexus between the defendant and Commerce Bank was greater than a mere parent-sub relationship. Hassel v. Harmon Foods, 454 F.2d 799 (6th Cir. 1972); Moriss v. Connecticut General Ins. Corp., 9 F.E.P. Cases 66 (D.Conn.1974).
Defendant's employees affidavit and plaintiff's complaint, part III, B, paragraph 8, illustrate that plaintiff was employed by the subsidiary, Commerce Bank. At no time was she in the "employment" of defendant. The fact plaintiff was covered in a benefit plan in the name of defendant is not compelling. The relationship between defendant and Commerce Bank is one of arm's length, not a sham. Accordingly, defendant's motion will be granted.
The Court will next face the motion of the plaintiff to have this Court order the joinder of Commerce Bank as a party whose joinder is needed for just adjudication under Rule 19, F.R.C.P. Since defendant's motion for summary judgment will be granted, there can be no joinder in this instance. Rule 19(a)(1) states that a person "shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties." Because defendant can no longer be a party, this particular factual setting does not fit within Rule 19. There simply is no party with whom the proposed defendant could be joined. The denial of this motion will not present problems for the plaintiff, however, since there is ample time to file against Commerce Bank and avoid the statute of limitations, should she so desire. Accordingly, plaintiff's motion to add Commerce Bank will be denied as moot.